IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

**BRETT HECKMANN**

vs.                                                                                                  Cv. 19-

**BRENDAN MCDONALD,
JASON DIGRADO,
GARY MCDOLE AND
CHRISTOPHER KELLY,
Individually, and in their official
capacities as police officers of the
Town of Smithfield, Rhode Island**

## COMPLAINT

**Introduction.**

In the late evening and early morning hours of May 26 and 27, 2018, Brendan McDonald, Jason DiGrado, Gary McDole and Christopher Kelly converged on a small liquor store on Greenville Avenue in Smithfield, Rhode Island. These four men were police officers employed by the Town of Smithfield. They had received a tip—an erroneous tip—that a crime was taking place. In their zeal to make an arrest, these officers assaulted an innocent man, causing property damage, broken bones and permanent injury.

This is a civil rights claim brought on behalf of Brett Heckmann for what these officers have done. Mr. Heckmann was in the privacy of his own closed business establishment when these officers smashed his door, and "took him to the ground" based

1

on their mistaken belief that Mr. Heckmann was harming a woman. Mr. Heckmann has suffered permanent, disabling injuries due to the excessive force applied by these officers. Because he cannot be made whole, Mr. Heckmann seeks monetary damages pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and Article I, §§ 2, 5, 6, and 14 of the Rhode Island Constitution, Rhode Island General Laws § 10-7-1, et seq., and under the common law of the State of Rhode Island.

**Jurisdiction.**

Jurisdiction is proper under 28 U.S.C. § 1331 and Article III of the United States Constitution, which provides for original jurisdiction over all civil actions arising under the constitution, statutes or treaties of the United States. This court has supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367, providing for jurisdiction over state claims that are so related to the federal claims that they form part of the same case or controversy arising under Article III of the United States Constitution.

**Factual allegations.**

1. At all times herein material, Mr. Heckmann was a citizen of the state of Rhode Island, and operated a business known as "Smithfield Liquor Mart" in Smithfield, Rhode Island ("SML").
2. At all times herein material, defendants Brendan McDonald, Jason DiGrado, Gary McDole and Christopher Kelly were police officers employed by the

Smithfield Police Department, Smithfield Rhode Island. Defendants are being sued in their individual and official capacities.

3. On or about May 26, 2018, defendants responded to SML, located at 981 Greenville Avenue in Smithfield, Rhode Island, to investigate an allegation of an assault in progress.

4. SML was closed for business when the officers arrived, and its lights were mostly, if not completely, off.

5. Officers rapped on the front door of SML, attempting to attract the attention of anyone inside.

6. When no one immediately responded, the officers attempted to force entry into the building, smashing the glass front door of SML, causing it to fracture but not break.

7. After a moment, plaintiff Brett Heckmann, the SML proprietor, came to the front door and, at the command of the police, unlocked it.

8. Mr. Heckmann was unarmed.

9. Upon opening the front door, Mr. Heckmann stepped backward.

10. Defendants, upon gaining access to the interior of SML, knocked, dragged and otherwise threw Mr. Heckmann to the ground.

11. Mr. Heckmann immediately cried out in pain. The officers nevertheless kept him on the ground, applying force to his torso, legs and genitalia.

12. Upon interviewing a woman who was located inside SML, officers determined that no crime had occurred.

13. Nevertheless, the officers sought to justify their violence against Mr. Heckmann, blaming him for not opening the door more quickly, and interrogating him while he lay in agony upon the ground.

14. Mr. Heckmann was thereafter transported by rescue to a local hospital, where he was diagnosed with a comminuted fracture of the femur, testicular pain and swelling of his private area. Doctors also determined that Mr. Heckmann suffered from hematuria (blood in his urine).

15. Mr. Heckmann underwent surgery, remained in the hospital for several days, and was later released to a rehabilitation hospital where he remained throughout the month of June.

16. Mr. Heckmann was unable to work throughout the summer of 2018.

17. Mr. Heckmann underwent physical therapy over the course of several months. His physician has deemed his injuries to be permanent.

18. The damages suffered by Mr. Heckmann are sufficient to invoke the jurisdiction of this court.

**Substantive counts.**

### COUNT ONE: 42 U.S.C. § 1983 EXCESSIVE FORCE

19. All prior counts are incorporated by reference.

20. Defendants, jointly and severally, and acting under color of law, applied excessive force to the plaintiff when they "took him to the ground," in

violation of the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

21. Defendants proximately caused damages to plaintiff, including broken bones, trauma, pain and suffering, medical expenses, loss of income, humiliation, and other harm.

22. Defendants' actions were willful, wanton and malicious and as such, an award of punitive damages is necessary and appropriate.

23. **WHEREFORE**, plaintiff asks for judgment in his favor, together with compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1988, costs, and such other relief as this court may deem just and proper.

## COUNT TWO: ASSAULT AND BATTERY

24. All prior counts are incorporated by reference.

25. Defendants, jointly and severally, assaulted plaintiff by striking him, driving him to the ground, and incapacitating him.

26. Defendants proximately caused damages to plaintiff, including broken bones, trauma, pain and suffering, medical expenses, loss of income, humiliation and other harm.

27. Defendants' actions were willful, wanton and malicious and as such, an award of punitive damages is necessary and appropriate.

5

28. **WHEREFORE** plaintiff asks for judgment to be entered in his favor, together with compensatory damages, punitive damages, attorney's fees, costs, and such other relief as this court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

BRETT HECKMANN
By his attorney,

_____/S/_____
Thomas G. Briody, Esq. #4427
Law Office of Thomas G. Briody
91 Friendship Street
Providence, RI 02903
Telephone: (401) 751-5151
Facsimile: (401) 421-0876