UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRETT HECKMANN
    *Plaintiff,*

v.                                                      C.A. No. 1:19-cv-00472-JJM-PAS

BRENDAN MCDONALD,
JASON DIGRADO,
GARY MCDOLE AND
CHRISTOPHER KELLY,
Individually and in their official
Capacities as police officers of the
Town of Smithfield, Rhode Island
    *Defendants.*

## **DEFENDANTS' RULE 16 STATEMENT**

### I.    RELEVANT FACTS

In the late evening and early morning hours of May 26 and 27, 2018 Smithfield Police dispatch received multiple calls regarding two people in the establishment of Smithfield Liquor Mart, one of which was the owner, Brett Heckmann ("Heckmann"). The callers indicated that the two individuals appeared to be intoxicated. One caller expressed concern that when the establishment closed, the two individuals would end up driving home intoxicated. Another anonymous caller requested to speak with an officer regarding the owner of Smithfield Liquor Mart. This anonymous caller indicated that he worked at the Liquor Mart. He expressed concern that his employer was making unwanted advances towards an intoxicated female who he observed being fondled by the store owner and that she appeared to be in distress. The party advised that there was a firearm under the desk located somewhere in the business establishment. Smithfield police were aware that they previously seized a revolver from Plaintiff, Heckmann stemming from a domestic violence arrest.

*Heckmann v. Smithfield*
*C.A. No. 1:19-cv-00472-JJM-LDA*

Smithfield police officers arrived at the Liquor Mart and checked the perimeter to see if there was anyone around the property. The officers were able to hear what appeared to be voices inside as well as a light from a back room that was partially illuminating the dark room. About five feet from the window, the officers saw a male with no pants on and no shirt crouched over a completely naked woman on the floor of the establishment. The woman did not seem to be engaging in the act willingly. She was turning and facing away from the male and also appeared to be trying to push the male's hands away from her. It then appeared that the male was forcing her down on the floor with his hands.

At that time, the officers dispatched for back up and advised that there may be a possible assault in progress. The officers made their way to the front door and began knocking trying to get the attention of the male and female. Neither the male nor the female responded to the knocking or announcements of "police". The officers then made their way back to the small window looking for a better view of the individuals. Police observed what appeared to be a white sheet completely placed over the female's head and the male was laying right next to her. Both individuals continued to lay on the floor. They did not respond to the knocking or yelling. The officers began knocking and yelling on separate doors and windows announcing "police, open the door" Both individuals continued to lay on the floor with the female still having the sheet pulled over her head and face.

After numerous attempts to get them to come to the door and fearing that a sexual assault may be in progress, the decision was made to try and force open the front door window to gain entrance to the building. Officers began to strike the door with their baton. The male later identified as the Plaintiff, Mr. Heckman, got up and walked over to the door.

*Heckmann v. Smithfield*
*C.A. No. 1:19-cv-00472-JJM-LDA*

He began yelling at the officers. The Officers ordered Mr. Heckmann to unlock the door. Eventually, he did so.

As officers opened the door, the male appeared to be stepping backwards and did not immediately obey commands to get down on the ground. Having knowledge that there was possibly a loaded gun kept in the business, officers quickly took hold of the male and brought him to the ground for their safety. The male did not immediately comply with the commands to show the officers his hands, which he was keeping tucked in front of his body. After a brief struggle, officers were able to grab his hands and placed the male in handcuffs which were double locked and checked for tightness. He was advised he was going to be detained but not arrested. Officers then entered into the building and performed a search of the interior, locating the female party as well as a loaded revolver under the check-out counter. The female appeared to be extremely intoxicated. Officers observed the female party to have cuts on her face and neck, but she asserted that these were old wounds. The female did not state that she was assaulted. The Officers asked Heckmann why he wouldn't open the door. He said he was worried that it was his brother or a customer, so he didn't want to open the door.

Mr. Heckmann complained of right leg pain. He was transferred to Fatima Hospital by the Smithfield Fire Department for an evaluation. His business was locked up and he was given his keys to the building in the ambulance. The Female party was transported to a friend's house for the evening as Heckmann said he didn't know her well and wanted her to leave. Heckmann's firearm was taken to the station for safekeeping and assigned a property number. The five bullets in it were assigned a property number as well. Both items were stored in an evidence locker at Smithfield Police Department.

*Heckmann v. Smithfield*
*C.A. No. 1:19-cv-00472-JJM-LDA*

## II.  RELEVANT LEGAL ISSUES

Plaintiff asserts excessive force and assault and battery. The officers assert that their conduct was reasonable based on the knowledge they had at the time. <u>Senra v. Cunningham</u>, 9 F.3d 168.

>Defendants,
>By its Attorney,
>
>*/s/ Marc DeSisto*
>Marc DeSisto, Esq. (#2757)
>DeSisto Law LLC
>60 Ship Street
>Providence, RI 02903
>(401) 272-4442
>marc@desistolaw.com

### CERTIFICATE OF SERVICE

I hereby certify, that on this 14th day of November 2019, I electronically filed and served this document through the electronic filing system upon the following parties:

>Thomas G. Briody, Esq. (#4427)
>Tbriodylaw@aol.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

>*/s/ Marc DeSisto*