IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

**BRETT HECKMANN, Plaintiff**

vs.                                    CA No. 1-19-00472 JJM-PAS

**BRENDAN MCDONALD,
JASON DIGRADO,
GARY MCDOLE AND
CHRISTOPHER KELLY,
Individually, and in their official
capacities as police officers of the
Town of Smithfield, Rhode Island**

## PLAINTIFF'S RULE 16 MEMORANDUM

This is a civil rights case seeking damages for personal injuries arising from excessive force. The plaintiff, Brett Heckmann, is 61 years old. He was the proprietor of the Smithfield Liquor Mart located at 981 Greenville Avenue. Late on the evening of May 26, 2018, Smithfield police officers appeared at Mr. Heckmann's store to investigate an allegation that a woman was being sexually assaulted. According to a report prepared by officer Brendan McDonald, the allegation was made by Derek Motta, who is described as an employee of Smithfield Liquor Mart. While Mr. Motta occasionally performed odd jobs at the Liquor Mart prior to this incident, he is not an employee.

This appears to have been Officer McDonald's second contact at the Smithfield Liquor Mart that evening. He had earlier appeared at the store after a call before closing time, complaining that people inside appeared to be intoxicated. Officer McDonald advised that everyone inside the store appeared to be "fine."

The store was closed and all lights in the building were off when Officer McDonald arrived for his second visit. He looked through a small window on the side of

1

the building facing the parking lot of the Newport Creamery. Officer McDonald claimed that he observed a man wearing only a pair of pants while crouched over a "completely naked blonde female" on the floor. The officer says he was able to make this observation because a light from a back room was "partially illuminating" the dark room in front of him. He also writes that the woman appeared to be saying something he could not understand through the window. Officer McDonald writes that the woman did not appear to be engaging in "the act" willingly, but does not write what "the act" might be. The officer writes that the female was facing away from the male and "appeared" to be pushing him away from her while he "appeared" to be forcing her down on the floor with his hands. Officer McDonald called Lt. Jason DiGrado and advised that a possible assault was taking place, and then went to the building's front door.

No one responded to the officer's knocks on the front door of the building, and he returned to the small window on the side of the building. Officer McDonald wrote that the female appeared to have a sheet over her head while the male was lying next to her. Lt. DiGrado and two other officers, Gary McDole and Christopher Kelly, appeared at the Liquor Mart.

The police say they made numerous attempts to get the occupants of the building to come to the door, and then decided to smash the window on the front door in order to gain entry. Eventually Brett Heckmann walked to the front door and opened it. According to Lt. DiGrado, Mr. Heckmann took a "small step backwards" after opening the door. Noting that Mr. Heckmann reportedly kept a firearm behind the counter of the store (which was located several feet away from the door), Officer McDonald and Lt. DiGrado brought Mr. Heckmann "to the ground" and handcuffed him.

Upon interviewing the female found inside the building, Ms. Jennie Carchia, the police learned that she was not being sexually assaulted. She told Lt. DiGrado that Mr. Heckmann was "a nice man," and that there was "no problem." Lt. DiGrado looked at Ms. Carchia's face and next for signs of a struggle, but could not find any.

Despite the fact that the Liquor Mart was closed when police arrived, and no firearm was used or even displayed by Mr. Heckmann, police confiscated the revolver he kept in the store. No criminal charges were filed against anyone in connection with this incident.

Lt. DiGrado writes that Mr. Heckmann said he was in pain and that his leg was hurting him. He was taken by rescue to Fatima Hospital, where he was found to have suffered a comminuted fracture of the right femur, and significant swelling of his leg and genital area. A urological consult noted gross hematuria, testicular pain and scrotal swelling. A physician noted that Mr. Heckmann denied any hematuria before his encounter with the police.

Mr. Heckmann was hospitalized at Fatima until June 1. He underwent surgery to repair his femur, and surgical screws were inserted into his fractured leg. This was followed by an extended stay (June 1 through June 29) at Briarcliff Manor Rehabilitative Hospital. He missed an entire summer of work at his store and had to hire help to cover his absence.

Mr. Heckmann underwent physical therapy and continued to report pain in his leg throughout the following year. Dr. Michel Arcand, the orthopedic surgeon who attended to Mr. Heckmann, concluded in June of 2019 that his patient had reached maximum

3

medical improvement and holds a ten percent whole person disability.  Dr. Arcand holds these opinions to a reasonable degree of medical certainty.

Mr. Heckmann was seriously injured after engaging in what appears to be a private encounter between consenting adults after his business had closed for the evening. Police reports prepared by the officers involved state that Mr. Heckmann and Ms. Carchia appeared to be intoxicated, but there is no evidence of any crime being committed.  In contrast to some observations contained in Mr. Heckmann's Fatima medical chart, he was not charged with resisting arrest, disorderly conduct, or any other criminal offense.

Discovery issues in this case are likely to include the following:

1. Identifying and producing any records of the encounter involving Mr. Heckmann.
2. Deposing the officers and witnesses involved.

It is anticipated that trial of this case would take three to five days.

Demand has been made on the Town of Smithfield for eight hundred fifty thousand dollars. Counsel has met with a representative of the insurance carrier, and exchanged medical records and materials.

/S/
Thomas G. Briody, Esq. #4427
Law Office of Thomas G. Briody
91 Friendship Street
Providence, RI 02903
Telephone: (401) 751-5151
Facsimile: (401) 421-0876

The undersigned certifies that a true copy of this memorandum was served upon Marc Desisto, Esq., via the electronic filing system on this date.

/s/Thomas G. Briody